IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPEAR PHARMACEUTICALS, INC. and )
SPEAR DERMATOLOGY PRODUCTS, )
INC., )
                         )
       Plaintiffs, )
                         )      C.A. No. 07-821-JJF
   v. )
                         )
WILIAM BLAIR & COMPANY, L.L.C. )    **JURY TRIAL DEMANDED**
and VALEANT PHARMACEUTICALS )
INTERNATIONAL, )
                         )
       Defendants. )

## VALEANT PHARMACEUTICALS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Richard de Bodo
Siegmund Gutman
David G. Chang
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600

Michael L. Kidney
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004–1109
Tel: (202) 637-5600

Dated: February 15, 2008
849069 / 32603

*Attorneys for Defendant*
*Valeant Pharmaceuticals International*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................................ii

I.      PRELIMINARY STATEMENT .........................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS ..........................................2

III.    SUMMARY OF ARGUMENT ..........................................................................2

IV.     CONCISE STATEMENT OF FACTS ...............................................................4

V.      ARGUMENT.......................................................................................................5

      A.   SPEAR'S COMPLAINT FAILS TO ALLEGE FACTS THAT STATE
          A CLAIM FOR RELIEF ................................................................6

      B.   SPEAR'S COMPLAINT IS NOT RIPE FOR REVIEW .............................11

      C.   SPEAR FAILS TO DEMONSTRATE CAUSATION SUFFICIENT
          TO MEET STANDING REQUIREMENTS .................................................14

      D.   THE COMPLAINT MUST BE DISMISSED FOR LACK OF A
          COGNIZABLE INJURY .............................................................16

VI.     CONCLUSION....................................................................................................17

# TABLE OF AUTHORITIES

**Page**

**CASES:**

*Adkins v. Rumsfeld,*
    450 F. Supp. 2d 440 (D. Del. 2006).........................................................................................8

*Am. Fin. Int'l Group-Asia, L.L.C. v. Bennett,*
    No. 05 Civ. 8988(GEL), 2007 WL 1732427 (S.D.N.Y. June 14, 2007) ...................................7

*Bell Atlantic Corp. v. Twombly,*
    __U.S.__, 127 S. Ct. 1955 (2007)................................................................................ *passim*

*Bell Atlantic Corp. v. Twombly,*
    313 F. Supp. 2d 174 (S.D.N.Y. 2003)......................................................................................6

*Bennett v. Spear,*
    520 U.S. 154 (1997)...............................................................................................................14

*Casper v. Paine Webber Group, Inc.,*
    787 F. Supp. 1480 (D.N.J. 1992) ...........................................................................................10

*Cheminor Drugs, Ltd. v. Ethyl Corp.,*
    168 F.3d 119 (3d Cir. 1999)...................................................................................................16

*Duquesne Light Co. v. United States Envtl. Protection Agency,*
    166 F.3d 609 (3d Cir. 1999).............................................................................................14, 15

*Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.,*
    365 U.S. 127 (1961)...............................................................................................................16

*In re Rockefeller Ctr. Prop., Inc. Sec. Litig.,*
    311 F.3d 198 (3d Cir. 2002).....................................................................................................6

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992).........................................................................................................14, 15

*Maroun v. United States,*
    525 F. Supp. 2d 206 (D.D.C. 2007) .........................................................................................7

*Meissner Chevrolet Geo-Oldsmobile, Inc. v. Rothrock Chevrolet, Inc.,*
    No. 07-2674, 2007 WL 3103114 (E.D. Pa. Oct. 23, 2007) ......................................................7

*Mintel Learning Tech., Inc. v. Beijing Kaidu Educ.,*
    No. C 06-7541 PJH, 2007 WL 2288329 (N.D. Cal. Aug. 9, 2007)..........................................7

*Ohio Forestry Ass'n v. Sierra Club,*
    523 U.S. 726 (1998) .................................................................................................. 12

*Papasan v. Allain,*
    478 U.S. 265 (1986) .................................................................................................... 6

*Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.,*
    505 F. Supp. 2d 245 (D. Del. 2007) ........................................................................... 7

*Pfizer v. Shalala,*
    182 F.3d 975 (D.C. Cir. 1999) ................................................................................. 13

*Powell v. Barrett,*
    496 F.3d 1288 (11th Cir. 2007) ............................................................................... 10

*Rivera v. Wyeth-Ayerst Labs.,*
    283 F.3d 315 (5th Cir. 2002) ................................................................................... 15

*Sandoz Pharm. Corp. v. Richarson-Vicks, Inc.,*
    902 F.2d 222 (3d Cir. 1990) ..................................................................................... 12

*Sociedad Anonima Vina Santa Rita v. U.S. Dep't of the Treasury,*
    193 F. Supp. 2d 6 (D.D.C. 2001) ............................................................................. 13

*Storino v. Borough of Point Pleasant Beach,*
    322 F.3d 293 (3d Cir. 2003) ..................................................................................... 13

*Texas v. United States,*
    523 U.S. 296 (1998) .................................................................................................. 12

*Toilet Goods Ass'n v. Gardner,*
    387 U.S. 158 (1967) .................................................................................................. 13

*United Mine Workers v. Pennington,*
    381 U.S. 657 (1965) .................................................................................................. 16

*Victaulic Co. v. Tieman,*
    499 F.3d 227 (3d Cir. 2007) ....................................................................................... 5

**STATUTES:**

21 U.S.C. § 355(j)(4) ........................................................................................................12

28 U.S.C. § 1332(a)(1)........................................................................................................2

28 U.S.C. § 1332(c)(1)........................................................................................................2

**RULES:**

Fed. R. Civ. P. 8(a)(2)........................................................................................................7

Fed. R. Civ. P. 12(b)(6)...................................................................................................5, 6

**REGULATIONS:**

21 C.F.R. § 10.30 .........................................................................................................15, 16

**OTHER AUTHORITIES:**

5C Charles Alan Wright & Arthur R. Miller,
    *Fed. Practice and Procedure* § 1216 (3d ed. 2004) ...............................................10

153 Cong. Rec. S65 (daily ed. June 4, 2007) (statement by Sen. Kohl)..........................9

## I.    PRELIMINARY STATEMENT

Plaintiffs Spear Pharmaceuticals and Spear Dermatology Products (collectively "Spear") have filed this lawsuit in a misguided effort to hold defendants Valeant Pharmaceuticals International ("Valeant") and William Blair & Company, L.L.C. ("Blair") liable for a matter that presently rests exclusively with the U.S. Food and Drug Administration ("FDA"). Spear has applied to the FDA in an Abbreviated New Drug Application ("ANDA" or "application") for permission to market a generic version of the prescription drug product, Efudex® (fluorouracil) Cream, which is marketed by Valeant. At this time, it is unknown whether the FDA will or will not approve Spear's application. That decision, and the basis for that decision, are within the exclusive province of the FDA.

Efudex® Cream is approved by the FDA to treat skin lesion known as actinic keratoses ("AK") and the more serious disease known as superficial basal cell carcinoma ("sBCC"). Spear is attempting to persuade the FDA that Spear should be entitled to manufacture an identical version of Efudex® Cream, and that the Spear product can safely and effectively treat patients diagnosed with AK and sBCC. Much to Spear's concern and dismay, the FDA has yet to rule on the scientific and technical merits of Spear's ANDA.

Not content with the pace of FDA's deliberations, Spear has turned its frustrations on Valeant and Blair, alleging that the defendants are somehow responsible for the absence of an FDA decision on the pending ANDA. Given the FDA's pivotal role in this matter, and the absence of an FDA decision to date, this case could not possibly state a ripe cause of action.

That is, until the FDA completes its analysis of Spear's ANDA, this Court cannot know whether the FDA will approve the application, reject the application, or request more information from Spear. There are a myriad of possible outcomes. At this point, this Court certainly cannot predict whether Spear's ANDA satisfies all of FDA's scientific and regulatory

FDA standards. The FDA may eventually determine that Spear's ANDA fails to satisfy one or more FDA requirements, and may reject the ANDA on that basis. Spear's claim is necessarily contingent upon future and unknown events, including extraordinary assumptions about whether its ANDA will ultimately be approved and why FDA has not reached a final decision.

Similarly, as a matter of sound pleading, this case falls well short and, *necessarily*, will continue to fall short of the minimum requirements needed to state a viable claim. Among other weaknesses, this case is based on pure speculation about the ultimate outcome of the FDA proceeding; speculation about what has transpired at FDA to date; and speculation about Valeant's reasons for filing a Citizen Petition with the FDA regarding standards for the approval of generic Efudex® products. The complaint is no more than a swirl of innuendo and guesswork and, in the end, is wholly dependent upon the intervening judgment and discretion of the FDA. Ultimately, the FDA's status as an independent agency, exercising its own unfettered discretion, interrupts any possible theories of causation and harm that Spear could hope to manufacture.

Plaintiff's complaint should be dismissed for these and other reasons described below.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Spear filed its complaint against defendants on December 17, 2007. The complaint contains three causes of action against Valeant: breach of contract, trade secret misappropriation and unjust enrichment. The causes of action against Blair include breach of contract, breach of implied covenant of good faith and fair dealing, trade secret misappropriation, and negligence. Spear asserts diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1). This motion to dismiss constitutes Valeant's first response to the complaint.

## III.    SUMMARY OF ARGUMENT

1.    Spear fails to adequately plead facts necessary to state a claim to relief that is concrete, specific, and more than mere speculation. Spear's central allegations are entirely

conclusory: (1) that Valeant's Citizen Petition had to have been based on improperly leaked information, and (2) that but for Valeant's Citizen Petition, the FDA would have approved Spear's ANDA long ago. Both assertions are entirely conclusory allegations made without any supporting facts, and as a result, they cannot support a right to relief.

2.      Spear's lawsuit is not ripe. Spear's complaint rests on the assertion that Valeant's Citizen Petition purportedly caused the FDA to delay what would otherwise have been inevitable approval of Spear's ANDA. Spear's complaint thus assumes that its application fully satisfies all the FDA's requirements, and that the Citizen Petition is the only reason the ANDA has not been approved. Until the FDA reaches a final decision on whether Spear's ANDA satisfies all relevant regulatory requirements, it is premature to litigate the issue of whether the Citizen Petition improperly caused a delay in the FDA's review of the ANDA. Spear's claim is completely contingent upon a future decision by the FDA, and the complaint is therefore not yet ripe for judicial review.

3.      Spear also fails to adequately allege facts relating to causation that are necessary to satisfy basic standing requirements. When standing depends on the unfettered choices of an independent actor not before the Court, the plaintiff has the burden of alleging facts that demonstrate that the injury at issue was caused by the defendants, and that the conduct of the independent actor is not an intervening cause. The FDA is an independent government agency vested with broad discretion. Spear has not properly alleged that the FDA's failure to approve Spear's application was proximately caused by Valeant's Citizen Petition, rather than the independent judgment of the FDA. As a result, Spear has failed to adequately allege standing.

4.      As framed, Spear's claims are inconsistent with Valeant's First Amendment right to petition the U.S. government, as confirmed in the *Noerr-Pennington* cases and their progeny.

Valeant should not be held liable for exercising this right by submitting a Citizen Petition containing truthful information. Likewise, this Court should hold that any "delay" attributable to the FDA's consideration of information in the Citizen Petition is simply not a cognizable injury.

## IV.    CONCISE STATEMENT OF FACTS

For purposes of this motion only, the following facts—which are alleged in Spear's complaint—are assumed to be true.

Defendant Valeant is a pharmaceutical company that sells Efudex® (fluorouracil) Cream. Efudex® Cream is approved by the FDA to treat superficial basal cell carcinoma ("sBCC") and actinic keratoses ("AK"). Complaint ¶¶ 12-13. On December 21, 2004, Valeant filed a Citizen Petition with the FDA in which it argued that the FDA should defer approving a generic version of Efudex® unless certain requirements were met. Complaint ¶¶ 41-43. Several weeks later, Spear filed its ANDA seeking approval for a generic version of Efudex® Cream. Complaint ¶ 40. On April 19, 2005, the FDA told Spear that the FDA was reviewing the Citizen Petition. Complaint ¶ 47. To date, the FDA has not decided whether to grant or deny Spear's application. Complaint ¶ 49.

In September 2004, Valeant was approached by defendant Blair, an investment banking firm, with a proposal for the sale of Spear's line of generic Retin-A® tretinoin cream products. Complaint ¶ 32. Retin-A® is primarily used as an acne treatment. It is completely different from Efudex®. As part of this proposal to purchase the Retin-A®, Blair provided Valeant with confidential information relevant to Spear's generic Retin-A® products. Complaint ¶ 32. Valeant also signed an Evaluation Agreement in which it promised to keep confidential certain information provided to Valeant by or on behalf of Spear. Complaint ¶ 32. In October 2004, Valeant initially decided not to submit a purchase offer for Spear's Retin-A® product line "because of the price." Complaint ¶ 36. Valeant eventually reconsidered its position and

submitted a "preliminary, non-binding indication of interest" in December 2004 for the Spear Retin-A® products. Complaint ¶ 45. Spear rejected this offer. Complaint ¶ 46.

In connection with discussions between Spear and Blair relating to the sale of Spear's line of generic Retin-A® tretinoin cream products, Spear purportedly mentioned its plans with respect to filing an ANDA for a generic Efudex® Cream product—even though it had nothing to do with the sale of Retin-A products. Complaint ¶¶ 21-24, 38. However, Spear directed Blair not to disclose these plans to others. Complaint ¶¶ 21-24, 38. Spear now alleges, on information and belief, that Blair acted in contravention of Spear's direction and improperly leaked information about the ANDA to Valeant. Complaint ¶¶ 41-42. Spear further alleges, on information and belief, that Valeant must have improperly utilized this information in preparing and filing its Citizen Petition. Complaint ¶¶ 42-43. Spear further alleges, on information and belief, that "Had Valeant not filed its Citizen Petition, plaintiffs' ANDA would have been approved long ago." Complaint ¶ 49. In support of this assertion, Spear notes that its ANDA has been pending for more than three years, which is more than twice the 16.6 month average time for approval of such applications. Complaint ¶ 49. Spear's complaint does not allege that any statement contained in Valeant's Citizen Petition was false.

## V.    ARGUMENT

Fed. R. Civ. P. 12(b)(6) supplies the applicable standard for review. Pursuant to this rule, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To "survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S. Ct. 1955, 1965 (2007) ("*Twombly*")). While the factual allegations in the complaint are generally assumed to be true and all reasonable inferences are drawn in favor of the non-moving party for purposes of ruling on a Rule 12(b)(6)

motion, "courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Likewise, "legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." *Id.*; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Spear's complaint contains nothing more than speculation, bald assertions, and legal conclusions.

## A.    SPEAR'S COMPLAINT FAILS TO ALLEGE FACTS THAT STATE A CLAIM FOR RELIEF

Spear's complaint must be dismissed because it fails to plead "enough facts to state a claim to relief . . . ." *Twombly*, 127 S. Ct. at 1974. In *Twombly*, the Supreme Court made clear that a complaint, subject to a Rule 12(b)(6) motion, should be dismissed if it rests on conclusory allegations, rather than "independent allegations of actual [misconduct]." *Id.* at 1970. It is not enough for the facts alleged in the complaint to support a "conceivable" cause of action; there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In *Twombly*, the plaintiffs alleged, on information and belief, that local telephone companies had entered into an illegal "agreement" not to compete with each other. *Twombly*, 127 S. Ct. at 1962-63, 1970. Plaintiffs alleged that the "defendants' collective failure to move into adjacent local phone service markets . . . is highly suspicious," and the district court noted that the "geographic segregation of the [defendants] is striking." *Bell Atlantic Corp. v. Twombly*, 313 F. Supp. 2d 174, 178, 182-83 (S.D.N.Y. 2003). The Supreme Court ultimately found that the allegations of an illegal agreement were insufficient because they were "merely legal conclusions resting on the prior allegations" that the defendants were not competing with each other. 127 S. Ct. at 1970. In support of this conclusion, the Court noted that the complaint

"mentioned no specific time, place, or person involved in the alleged conspiracies." *Id.* at 1971. The Court explained that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 1966. The Court concluded that plaintiffs had improperly inferred the existence of an illegal agreement not to compete from the mere fact that the defendants were not actually competing against each other.

The *Twombly* Court emphasized that its reasoning was not limited to the antitrust context. To the contrary, the Court emphasized that its conclusion flowed from Fed. R. Civ. P. 8(a)(2), which requires that a complaint must contain a "'plain statement' with enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* (*quoting* Fed. R. Civ. P. 8 (a)(2)). The Court explained that a "naked assertion of conspiracy" cannot overcome the hurdle erected by Rule 8. *Twombly*, 127 S. Ct. at 1966. "[W]ithout some further factual enhancement it stops short of the line between possibility and plausibility of entitle[ment] to relief." *Id* (citation omitted).[1]

---

[1] In the short time since *Twombly*, numerous courts—including in this District—have applied the holding outside the antitrust context. *See, e.g., Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.*, 505 F. Supp. 2d 245 (D. Del. 2007) (holding plaintiff failed to sufficiently plead false advertising claim under the Lanham Act); *Meissner Chevrolet Geo-Oldsmobile, Inc. v. Rothrock Chevrolet, Inc.*, No. 07-2674, 2007 WL 3103114, at *3 (E.D. Pa. Oct. 23, 2007) (plaintiff failed to state a claim for tortious interference with existing and prospective business relations); *Maroun v. United States*, 525 F. Supp. 2d 206, 212 (D.D.C. 2007) (holding that plaintiff's complaint alleging disclosure of confidential information was "wholly devoid of the minimum factual allegations" and that plaintiff must "furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action") (quotation omitted); *Mintel Learning Tech., Inc. v. Beijing Kaidu Educ.*, No. C 06-7541 PJH, 2007 WL 2288329, at *7 (N.D. Cal. Aug. 9, 2007) (holding that plaintiffs' scattered allegations of conspiracy to misappropriate trade secrets and wrongful conduct in furtherance of the conspiracy were not adequately pled); *Am. Fin. Int'l Group-Asia, L.L.C. v. Bennett*, 2007 WL 1732427, at *3 (S.D.N.Y. June 14, 2007) (dismissing plaintiffs' claims of breach of contract and breach of warranty as inadequately pled).

Here, as in *Twombly*, the pivotal assertions of the complaint lack the "heft" of specific, well-pled facts that go beyond supposition and speculation. *Id.* For example, one of the fundamental assertions underlying each of Spear's causes of action is that Blair "improperly leaked" certain confidential information to Valeant, which Valeant then improperly used to file its Citizen Petition. Complaint ¶¶ 41-42. But the complaint is devoid of any specific factual allegations supporting this pivotal assertion. It does not allege when this alleged communication between Blair and Valeant took place, where it took place, or the particular person or persons at Valeant who allegedly were parties to this communication. As in *Twombly*, Spear's complaint does not allege any "specific time, place, or person" at Valeant purportedly involved in the alleged communication between Valeant and Blair that gives rise to Spear's claims. 127 S. Ct. at 1971. As in *Twombly*, the key allegations rest on nothing more than plaintiffs' speculation—in *Twombly*, the allegation of an illegal agreement was based on facts showing that the defendant phone companies were not competing against each other.

Spear also alleges no facts indicating that Valeant's Citizen Petition was directed at Spear or its ANDA, and does not even allege that the Citizen Petition mentioned Spear or its ANDA. (It did not.) Nor does Spear allege facts indicating that Valeant's Citizen Petition had to have been directed at Spear (which had never competed in the Efudex® market), as opposed to another company that was already marketing a product and competing with Efudex®. Indeed, another competitor—Taro Pharmaceutical Industries—had received approval from the FDA for a generic version of Efudex® solution prior to the date of Valeant's Citizen Petition.[2] Common

---

[2] *See* FDA, *Orange Book Detail Record Search*,
http://www.accessdata.fda.gov/scripts/cder/ob/docs/obdetail.cfm?Appl_No=076526&TABLE1=OB_Rx (last visited Feb. 15, 2008), attached as Exhibit A. This court may take judicial notice of public records outside the pleadings without converting the present motion into a motion for summary judgment. *See Adkins v. Rumsfeld*, 450 F. Supp. 2d 440, 444 (D. Del. 2006).

sense dictates that Valeant would then be concerned that Taro would pursue an ANDA for a generic version of Efudex® cream. Yet, Spear alleges no facts that preclude—or even address— this "alternative explanation." *Twombly*, 127 S. Ct. at 1972 (emphasizing that the presence of an "alternative explanation" prevented the court from drawing an adverse inference from the facts alleged in the complaint).

Spear alleges that "brand name drug manufacturers often wait to file citizen petitions *until just before the FDA is about to grant the application* . . . solely for the purpose of delaying the introduction of the generic competitor for the maximum amount of time possible." Complaint ¶ 44 (*quoting* 153 Cong. Rec. S65 (daily ed. Jan 4, 2007) (statement by Sen. Kohl)) (emphasis added). If the purpose of Valeant's Citizen Petition were to delay approval of Spear's ANDA to the maximum extent possible as Spears contends, Spear fails to explain why Valeant filed its Citizen Petition *several weeks before Spear even filed its ANDA*. Complaint ¶¶ 40-41.

Similarly, Spear alleges no specific facts to support its bald conclusion that "Had Valeant not filed its Citizen Petition, Plaintiffs' ANDA would have been approved long ago." Complaint ¶ 49. Even though this allegation is an essential element of Spear's complaint, Spear alleges no specific facts to support it. Spear does not allege that any FDA official told Spear what the agency would have done in the absence of Valeant's Citizen Petition. Nor does Spear allege any other basis for its conclusion. The *only* possible support that can be gleaned from the complaint is the circular argument that Spear has been "awaiting FDA approval for . . . nearly three years – more than twice the 16.6 month average time for approval of such applications." Complaint ¶ 49. *Twombly* warns against making precisely these kind of "false inferences." 127 S. Ct. at 1964. Allegations based on coincidences or "merely parallel conduct that could just as well be

independent action" are inadequate as a matter of law. *Id.* at 1966.[3] Indeed, any failure on the part of the FDA to approve Spear's ANDA in 16.6 months or less can just as easily be explained by any number of factors beyond Valeant's Citizen Petition. (*See infra*, note 6.)

Indeed, Spear relies on "information and belief" as the sole basis for its pivotal allegation that the timing of the Citizen Petition "was not coincidental." Complaint ¶ 42. While Spear may have grown suspicious that the timing of the Citizen Petition was not coincidental, *Twombly* makes clear that Spear's speculation and suspicions are an insufficient foundation upon which to rest a lawsuit. Here, as in *Twombly,* the factual allegations are insufficient "to raise a right to relief above the speculative level." 127 S. Ct. at 1965. Spear's complaint is deficient—"[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 1965 (*quoting* 5 C. Wright & A. Miller, *Fed. Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)).[4]

---

[3] Other courts, some relying on *Twombly* and others even before *Twombly*, have likewise dismissed complaints that are based on conclusory allegations of causation. *See, e.g., Powell v. Barrett*, 496 F.3d 1288, 1319-20 (11th Cir. 2007) ("The link between the County's policy of placing arrestees at the Jail and the strip searches conducted at the Jail by the Sheriff and his deputies—over which the County has no control—is too attenuated to impose liability on the County . . . . Plaintiffs' conclusory statement that the County was the 'moving force' behind Plaintiffs' injuries does not cure this defect.") (citations omitted); *Casper v. Paine Webber Group, Inc.*, 787 F. Supp. 1480, 1493-94 (D.N.J. 1992) ("Casper's allegation that she was injured by virtue of having been terminated from her position at PaineWebber, Inc. and suffered economic harm as a result is also insufficient to establish standing under section 1962(a). Beyond stating in conclusory fashion that her discharge was caused by the Defendants' use or investment of racketeering proceeds for the Enterprise, Casper does not allege facts showing that the injury was caused by such alleged use . . . .").

[4] If anything, the *Twombly* complaint alleged more facts supporting a cause of action than Spear has. The *Twombly* plaintiffs alleged in their complaint that the CEO of one of the defendants stated that the phone companies declined to compete against each other despite recognizing that it "might be a good way to turn a quick dollar." *Twombly*, 127 S. Ct. at 1962 (citation omitted). Spear, in contrast, alleges no particular statements made by a Blair or Valeant representative indicative of misconduct.

Once the complaint is stripped of conclusory allegations, there are no specific facts alleged that support any of the following legal conclusions and speculation: (a) that Blair improperly leaked certain information to Valeant regarding Spear's expected filing of its ANDA, (b) that Valeant improperly utilized this information in filing its Citizen Petition, or (c) that the FDA would have approved Spear's application "long ago" in the absence of Valeant's Citizen Petition. Here, the alleged disclosure and purported use of confidential information is based solely on the filing of the Citizen Petition at a point in time after Spear allegedly shared certain information with Blair. In both instances, the pleadings depend upon a critical inference that is far greater than what the weight of the alleged facts can bear. Because these assertions are each necessary elements of all the causes of action against Valeant, *see* Counts III, V, and VI of Complaint, Spear's entire complaint against Valeant should be dismissed.

In sum, Spear's complaint should be dismissed because it simply does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Spear's reliance on a coincidence—coupled with a bare, unsupported assertion of misconduct—completely fails to meet the *Twombly* pleading standard. *See also id.* at 1967 ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

### B.    SPEAR'S COMPLAINT IS NOT RIPE FOR REVIEW

Spear's complaint should be dismissed for another reason—the controversy at issue here is not ripe. The ripeness requirement serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the

11

challenging parties." *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732-33 (1998) (citation omitted).

Central to Spear's complaint is its allegation that Valeant's Citizen Petition caused the FDA to delay what would otherwise have been imminent approval of its ANDA. Complaint ¶ 49. Thus, Spear's complaint assumes that its ANDA complies with FDA requirements and that the Citizen Petition is the reason that Spear's ANDA has not yet been approved. However, until the FDA reaches a final decision on whether the ANDA satisfies all relevant regulatory requirements, it is premature to litigate the issue of whether the Citizen Petition improperly caused a delay in the FDA's review of the ANDA.[5] The FDA may eventually determine—for reasons totally unrelated to the Citizen Petition—that Spear's ANDA must be rejected because it fails to satisfy one or more FDA requirements.[6] Thus, Spear's claim improperly "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation omitted).

---

[5] It is well settled that, pursuant to the primary jurisdiction doctrine, this Court should not attempt to decide whether Spear's ANDA meets FDA requirements. The merits of Spear's ANDA is solely within the FDA's discretion and expertise to rule on in the first instance. *See Sandoz Pharm. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 (3d Cir. 1990) ("We decline to find and do not believe that the district court had to find . . . that which the FDA, with all of its scientific expertise, has yet to determine.").

[6] The legal standard for the approval of ANDAs is set forth in section 505(j)(4) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"). 21 U.S.C. § 355(j)(4). Section 505(j)(4) provides that the agency need not approve an ANDA if it makes one of the specific findings listed under section 505(j)(4). 21 U.S.C. § 355(j)(4). The lack of a final decision on Spear's ANDA at this time may well reflect the fact that outstanding scientific and regulatory issues remain at issue under the statutory approval standards. For example, the FDA may refuse to approve an ANDA if the applicant has failed to show that its proposed process for manufacturing the drug is adequate to ensure the quality of the drug. *See* 21 U.S.C. § 355(j)(4)(A). The FDA may refuse to approve an ANDA if the sponsor has failed to show that its version of the drug is "bioequivalent" to the approved reference standard. *Id.* at (j)(4)(F). And, the FDA may refuse to approve an ANDA if the inactive ingredients in the proposed drug, or its overall composition, may be considered unsafe, or if the FDA finds that the application contains an untrue statement of material fact. *Id.* at (j)(4)(H) and (K).

In *Pfizer v. Shalala*, 182 F.3d 975 (D.C. Cir. 1999), the Court faced a similar issue.
Pfizer challenged the FDA's decision to accept a competitor's ANDA for review. As in the
present case, at the time Pfizer filed its complaint, the FDA had not yet decided whether the
competitor's ANDA should or should not be approved. *Id.* at 976. The Court dismissed the
complaint as not ripe for judicial review. It noted that the "critical fact remains that the FDA
***may never approve*** Mylan's application—whether because it decides in the end that the dosage
form of Mylan's drug is different from that of Procardia XL® [the substantive objection raised
by Pfizer against the ANDA] ***or for some entirely different reason*** . . . ." *Id.* at 978 (emphasis
added). Before Pfizer could suffer its alleged injury, "FDA approval . . . would have to be not
only sought but granted. That has not happened. Therefore, 'no irremediable adverse
consequences flow from requiring a later challenge.'" *Id.* at 979 (*quoting Toilet Goods Ass'n v.
Gardner*, 387 U.S. 158, 164 (1967)); s*ee also Sociedad Anonima Vina Santa Rita v. U.S. Dep't
of the Treasury*, 193 F. Supp. 2d 6, 25 (D.D.C. 2001) ("[T]he D.C. Circuit recently determined
that a pharmaceutical manufacturer's claims regarding potential competitors were not yet ripe.
Specifically, the Court determined that the manufacturer's proprietary rights could give rise to an
actionably ripe claim only after a competitor sought approval for a competing product ***and after
the Food and Drug Administration granted it***." (emphasis added, citation omitted)).

The reasoning in *Pfizer* applies directly here. Here, as in *Pfizer*, Spear's complaint
depends entirely on whether the FDA determines that the ANDA at issue satisfies all FDA
requirements. Until the FDA issues a final ruling, this Court cannot predict how the FDA will
rule on this issue, and Spear's allegation of injury is not ripe for review. The "critical fact
remains that the FDA ***may never approve*** [the] application." *Pfizer*, 182 F.3d at 978; *see also
Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297-98 (3d Cir. 2003) ("[O]ne cannot

13

describe how the [plaintiffs] will be injured without beginning the explanation with the word 'if'

. . . . The only injury the [plaintiffs] have demonstrated is prospective and conjectural.").

### C.    SPEAR FAILS TO DEMONSTRATE CAUSATION SUFFICIENT TO SATISFY STANDING REQUIREMENTS

Spear's complaint must also be dismissed because it fails to demonstrate a "causal

connection between the [purported] injury and the [purported] conduct complained of," and

therefore Spears lacks standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The

FDA is an independent actor whose decisions cannot be controlled or predicted by Spear, and the

FDA's conduct is an intervening cause preventing Spear from adequately pleading a causal

connection between the alleged injury and the defendants' conduct at issue.

Where an element of standing "depends on the unfettered choices made by independent

actors not before the courts and whose exercise of broad and legitimate discretion the courts

cannot presume either to control or to predict . . . it becomes the burden of the plaintiff to adduce

facts showing that those choices have been or will be made in such a manner as to produce

causation." *Id.* at 562 (1992) (citation omitted); *see also Duquesne Light Co. v. U.S. Envtl. Prot.

Agency*, 166 F.3d 609, 613 (3d Cir. 1999) ("The causation requirement is only satisfied where

the injury is 'fairly traceable to the challenged action of the defendant, and not the result of the

independent action of some third party not before the court.'" (*quoting Bennett v. Spear*, 520

U.S. 154, 167 (1997))).

Here, the FDA is an "independent actor" that exercises "broad and legitimate discretion"

that neither the courts nor the parties can "presume either to control or to predict." *Lujan*, 504

U.S. at 562.  There are numerous requirements that the FDA must consider when reviewing

Spear's ANDA. *See supra*, note 6.  Failure to meet any one of these requirements—to the

FDA's satisfaction—will result in the FDA rejecting Spear's ANDA.

However, Spear ignores these possibilities. Instead, Spear baldly asserts that Valeant's Citizen Petition led to the FDA's failure to approve Spear's application. The only support Spear offers for this allegation is that it has been waiting for the FDA's decision for "nearly three years—more than twice the 16.6 months average time for approval of such applications." Complaint ¶ 49. The notion that the FDA is taking longer than "average" to rule on Spear's ANDA proves nothing. It certainly does not mean that the FDA will determine that Spear's application has satisfied all FDA requirements or that Valeant's Citizen Petition is the cause for the FDA's inaction. *See Duquesne Light Co.*, 166 F.3d at 613 (holding that plaintiff's injury is "manifestly the product of the independent action" of the Pennsylvania Department of Environmental Protection, and that the defendant EPA's actions "is not 'fairly traceable' to the injury of which [plaintiff] complains" (*quoting Lujan*, 504 U.S. at 560)); *cf. Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 321 (5th Cir. 2002) ("The facts provide plaintiffs an additional hurdle in demonstrating causation. Duract was a prescription drug; before a patient could take Duract, his physician had to make an independent medical judgment to prescribe it . . . . Thus, to establish causation, plaintiffs must show that had Wyeth acted 'lawfully' (produced a safer drug or provided more extensive warnings), the physicians would not have prescribed [it]. Rivera and the class do not even assert this conclusion, much less adduce any facts supporting it.").

Moreover, Spear's argument that Valeant's Citizen Petition has somehow prevented the FDA from acting on Spear's ANDA reflects a fundamental misunderstanding of the governing law. Although the FDA may choose to do so, it is not required by law to answer a pending

citizen petition prior to approving a related ANDA. *See* 21 C.F.R. § 10.30 (setting forth the agency's legal obligations with respect to citizen petitions).[7]

Thus, Spear has failed to adequately allege that Valeant caused any harm to Spear. In fact, Spear's ANDA is wholly dependent, in the first instance, on the independent judgment and discretion of the FDA.

## D.   THE COMPLAINT MUST BE DISMISSED FOR LACK OF A COGNIZABLE INJURY

It is well established that Valeant has a First Amendment right to petition the government and challenge FDA decisions pursuant to the doctrine established in the *Noerr-Pennington* line of cases.[8] In "numerous cases, the courts have rejected claims seeking damages for injuries allegedly caused by the defendants' actions directed to influencing government action." *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 129 n.22 (3d Cir. 1999). As a result, this Court should carefully scrutinize any lawsuits—such as this one—that seek to hold parties liable based on filing a Citizen Petition.

The FDA is responsible for "protecting the public health by assuring the safety, efficacy, and security of . . . drugs, . . . advancing the public health, . . . and helping the public get the accurate, science-based information they need to use medicines and foods to improve their health."[9] Citizen Petitions allow parties to provide the FDA with information that is relevant to

---

[7] The FDA has thus far complied with its regulatory obligations by issuing a tentative response, which is a public document and is available on the FDA website. *See* FDA, *Dockets Management: 2004P-0557: ANDA for a Generic Version of Efudex Cream(fluorouracil) Cream*, Aug. 9, 2006, http://www.fda.gov/ohrms/dockets/dockets/04p0557/04p0557.htm, attached as Exhibit B.

[8] *See generally Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965).

[9] FDA, *FDA's Mission Statement*, http://www.fda.gov/opacom/morechoices/mission.html (last visited, Feb. 14, 2008), attached as Exhibit C.

its mission. *See generally* 21 C.F.R. § 10.30. Valeant was entitled to file its Citizen Petition, and the FDA is entitled to (and expected to) consider the information relevant to Spear's ANDA in Valeant's Citizen Petition.

For these reasons, this Court should hold that Spear has not suffered a "cognizable injury" to the extent that it seeks to hold Valeant liable for exercising its right to file a Citizen Petition and submit information to the FDA. Similarly, this Court should hold that any "delay" that results from the FDA's considering of information contained in a Citizen Petition is not a cognizable injury.

## VI.    CONCLUSION

For the foregoing reasons, Spear's complaint should be dismissed.

Respectfully submitted,

OF COUNSEL:

Richard de Bodo
Siegmund Gutman
David G. Chang
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600

Michael L. Kidney
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004–1109
Tel: (202) 637-5600

Dated: February 15, 2008
849069 / 32603

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, Delaware 19801
        Tel: (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

*Attorneys for Defendant*
*Valeant Pharmaceuticals International*

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on February 15, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 15, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com

Gregory V. Varallo
Ethan A. Shaner
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899
varallo@rlf.com
shaner@rlf.com

Steven Lieberman
Jason M. Shapiro
Lisa N. Phillips
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
slieberman@rfem.com
jshapiro@rfem.com
lphillips@rfem.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

848483 / 32603

# Exhibit A

**Search results from the "OB_Rx" table for query on "076526."**

| | |
|---|---|
| Active Ingredient: | FLUOROURACIL |
| Dosage Form;Route: | SOLUTION; TOPICAL |
| Proprietary Name: | FLUOROURACIL |
| Applicant: | TARO |
| Strength: | 2% |
| Application Number: | 076526 |
| Product Number: | 001 |
| Approval Date: | Nov 5, 2003 |
| Reference Listed Drug: | No |
| RX/OTC/DISCN: | RX |
| TE Code: | **AT** |
| Patent and Exclusivity Info for this product: | View |

| | |
|---|---|
| Active Ingredient: | FLUOROURACIL |
| Dosage Form;Route: | SOLUTION; TOPICAL |
| Proprietary Name: | FLUOROURACIL |
| Applicant: | TARO |
| Strength: | 5% |
| Application Number: | 076526 |
| Product Number: | 002 |
| Approval Date: | Nov 5, 2003 |
| Reference Listed Drug: | No |
| RX/OTC/DISCN: | RX |
| TE Code: | **AT** |
| Patent and Exclusivity Info for this product: | View |

Return to Electronic Orange Book Home Page

FDA/Center for Drug Evaluation and Research
Office of Generic Drugs
Division of Labeling and Program Support
Update Frequency:
    Orange Book Data - **Monthly**
    Generic Drug Product Information & Patent Information - **Daily**
    Orange Book Data Updated Through January, 2008
    Patent and Generic Drug Product Data Last Updated: February 15, 2008

# Exhibit B

  

FDA Home Page | Dockets Home Page | Dockets Contacts and Location | Operating Status | Item Code Definitions

## Dockets Management
Up

### 2004P-0557: ANDA for a Generic Version of Efudex Cream(fluorouracil) Cream

| Document # | Received Date | Filed Date | Submitter Code | Submitter | FR Date | FR Page | Comment Date | Files | Remarks |
|---|---|---|---|---|---|---|---|---|---|
| CP1 | 12/21/2004 | 12/22/2004 | Drug Industry | Valeant Pharmaceuticals International Signature: Dr. Kim D. Lamon, Dr. Grag J. Kricorian | | | | Table of Contents | |
| ACK1 | 12/21/2004 | 12/21/2004 | Federal Government | HFA-305 to Valeant Pharmaceuticals International Signature: Lyle D. Jaffe | | | | pdf | |
| LET1 | 06/17/2005 | 06/17/2005 | Federal Government | HFD-5 to Valeant Pharmaceuticals International Signature: Jane A Axelrad | | | | pdf | |
| C1 | 09/16/2005 | 09/16/2005 | Private Industry | Rothwell Figg Ernst & Manbeck PC Signature: Stephen Lieberman | | | | pdf | |
| LET2 | 10/07/2005 | 10/07/2005 | Drug Industry | Valeant Pharmaceuticals International Signature: Brian R McCormick | | | | pdf | |
| RC1 | 10/21/2005 | 10/21/2005 | Drug Industry | Valeant Pharmaceuticals International Signature: Kim D. Lamon, M.D., PhD and Greg J | | | | pdf Tabs | |
| C2 | 01/03/2006 | 01/03/2006 | Private Industry | Rothwell Figg Ernst & Manbeck Signature: Steven | | | | Table of Contents | |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  | Lieberman |  |
| LET3 | 01/13/2006 | 01/13/2006 | Private Industry | Hogan & Hartson, LLP<br>Signature: David M. Fox | pdf |
| RC2 | 04/03/2006 | 04/03/2006 | Drug Industry | Valeant Pharmaceuticals International<br>Signature: Greg J. Kricorian, M.D. | Table of Contents |
| OB1 | 04/28/2006 | 04/24/2006 | Individual Consumer | D. Lowe |  |
| C3 | 05/05/2006 | 05/05/2006 | Private Industry | Rothwell Figg Ernst & Manbeck<br>Signature: Steven Lieberman | pdf<br>Appendices |
| LET4 | 05/31/2006 | 05/31/2006 | Drug Industry | Valeant Pharmaceuticals International<br>Signature: David M. Fox | pdf |
| RC3 | 07/13/2006 | 07/13/2006 | Drug Industry | Valeant Pharmaceuticals International<br>Signature: Greg J. Kricorian, M.D. | pdf<br>Tab 1 |

Top | Up

Page last updated August 9, 2006 kk

Dockets Home Page | Dockets Contacts and Location | Operating Status | Item Code Definitions | Federal Register
FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA

FDA/Dockets Management

# Exhibit C



# FDA's Mission Statement

The FDA is responsible for protecting the public health by assuring the safety, efficacy, and security of human and veterinary drugs, biological products, medical devices, our nation's food supply, cosmetics, and products that emit radiation. The FDA is also responsible for advancing the public health by helping to speed innovations that make medicines and foods more effective, safer, and more affordable; and helping the public get the accurate, science-based information they need to use medicines and foods to improve their health.

FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA | Privacy | Accessibility

FDA Website Management Staff