## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SPEAR PHARMACEUTICALS, INC. and
SPEAR DERMATOLOGY PRODUCTS,
INC.,

        Plaintiffs,

    v.

WILIAM BLAIR & COMPANY, L.L.C.
and VALEANT PHARMACEUTICALS
INTERNATIONAL,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 07-821-JJF

**JURY TRIAL DEMANDED**

## VALEANT PHARMACEUTICALS'
## OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

OF COUNSEL:

Richard de Bodo
Siegmund Gutman
David G. Chang
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600

Michael L. Kidney
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004–1109
Tel: (202) 637-5600

Dated: July 9, 2008
873424 / 32603

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Valeant Pharmaceuticals International*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..............................................................................................ii

I.    PRELIMINARY STATEMENT ...........................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS .........................................2

III.  SUMMARY OF ARGUMENT ............................................................................2

IV.   CONCISE STATEMENT OF FACTS .................................................................3

V.    SPEAR'S COMPLAINT RELIES ON SPECULATION, BALD
      ASSERTIONS, AND LEGAL CONCLUSIONS ...............................................6

      A.    Spear's Complaint Fails To Allege Facts That State A Claim For
            Relief...........................................................................................................7

      B.    Valeant's Citizen Petition Is Not The Proximate Cause Of Plaintiff's
            Injury...........................................................................................................12

      C.    Spear Fails To Demonstrate Causation Sufficient To Meet Standing
            Requirements .............................................................................................13

      D.    The Complaint Must Be Dismissed For Lack Of A Cognizable Injury .......................15

VI.   CONCLUSION......................................................................................................16

i

## TABLE OF AUTHORITIES

Page(s)

CASES

*Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Public Health,*
   503 F.3d 256 (3d Cir. 2007) ..................................................................................6

*Barr Labs., Inc v Quantum Pharmics, Inc.,*
   827 F. Supp. 111 (E.D.N.Y. 1993) ................................................................... 12-13

*Bell Atlantic Corp. v. Twombly,*
   313 F. Supp. 2d 174 (S.D.N.Y. 2003)..................................................................7

*Bell Atlantic Corp. v. Twombly,*
   __U.S.__, 127 S. Ct. 1955 (2007) ("*Twombly*")........................................... passim

*Bennett v. Spear,*
   520 U.S. 154 (1997)..........................................................................................13

*Casper v. Paine Webber Group, Inc.,*
   787 F. Supp. 1480 (D.N.J. 1992) ................................................................... 10-11

*Cheminor Drugs, Ltd. v. Ethyl Corp.,*
   168 F.3d 119 (3d Cir. 1999).............................................................................15

*Dow Chemical Co. v. Exxon Corp.,*
   30 F. Supp. 2d 673 (D. Del. 1998)...................................................................13

*Duquesne Light Co. v. U.S. Envtl. Prot. Agency,*
   166 F.3d 609 (3d Cir. 1999)........................................................................13, 14

*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,*
   365 U.S. 127 (1961) .........................................................................................15

*Egervary v. Young,*
   366 F.3d 238 (3d Cir. 2004) .............................................................................13

*Eli Lilly & Co. v. Roussel Corp.,*
   23 F. Supp. 2d 460 (D.N.J. 1998) ....................................................................14

*In re Rockefeller Ctr. Prop., Inc. Sec. Litig.,*
   311 F.3d 198 (3d Cir. 2002)...............................................................................6

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992).........................................................................................14

*Massachusetts School of Law at Andover, Inc. v. Am. Bar Ass'n,*
    937 F. Supp. 435 (E.D. Pa. 1996) ......................................................................15

*Papasan v. Allain,*
    478 U.S. 265 (1986).........................................................................................6

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008)...............................................................................8

*Powell v. Barrett,*
    496 F.3d 1288 (11th Cir. 2007) .........................................................................10

*Rivera v. Wyeth-Ayerst Labs.,*
    283 F.3d 315 (5th Cir. 2002) ........................................................................ 14-15

*Southern Cross Overseas Agencies, Inc. v. Wah Kong Shipping Group Ltd.,*
    181 F.3d 410 (3d Cir. 1999)...............................................................................6

*Townes v. City of New York,*
    176 F.3d 138 (2d Cir. 1999) .............................................................................13

*United Mine Workers v. Pennington,*
    381 U.S. 657 (1965) .......................................................................................15

*Victaulic Co. v. Tieman,*
    499 F.3d 227 (3d Cir. 2007).................................................................................6

*Wilkerson v. New Media Tech. Charter School Inc.,*
    522 F.3d 315 (3d Cir. 2008) ...............................................................................8


**STATUTES & RULES**

21 U.S.C. § 355(j)(4) .........................................................................................11

28 U.S.C. §§ 1332(a)(1) and (c)(1).........................................................................2

Fed. R. Civ. P. 8(a)(2)........................................................................................8

Fed. R. Civ. P. 12(b)(6).....................................................................................1, 6


**OTHER AUTHORITIES**

5 C. Wright & A. Miller, *Fed. Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004) .........10

21 C.F.R. § 10.30................................................................................................15

153 Cong. Rec. S65 (daily ed. Jan 4, 2007) (statement by Sen. Kohl) ............................................9

Areeda & Hovenkamp, *Antitrust Law* § 201 at 14 (1994 Supp.).....................................................15

Restatement (Second) of Contracts § 351 Comment a ..................................................................13

Restatement (Second) of Torts § 440 Comment b........................................................................13

## I.    PRELIMINARY STATEMENT.

Plaintiffs Spear Pharmaceuticals and Spear Dermatology Products (collectively "Spear") brought this lawsuit in federal court based on nothing more than a coincidence in timing. Because William Blair & Company, L.L.C. ("Blair") happened to propose a deal involving one Spear product to Valeant Pharmaceuticals International ("Valeant") at roughly the same time that Valeant filed a Citizen Petition with the FDA, Spear *suspects* that Blair must have leaked confidential information about a second, unrelated Spear product to Valeant, and that this purported leak prompted Valeant to file its petition. Spear further *suspects* that Valeant's Citizen Petition is solely responsible for the fact that the FDA took longer than "average" to approve Spear's Abbreviated New Drug Application No. 77-524 ("ANDA") for a generic version of Valeant's Efudex® Cream, even though there are multiple other possible explanations.  Spear's complaint is nothing more than a swirl of innuendo and guesswork.  It is not supported by any specific facts.  Under U.S. Supreme Court precedent, factual allegations based on speculative suspicions are not enough to survive a Rule 12(b)(6) motion to dismiss.

Spear's pleading also is plagued by causation and standing problems.   There are no set schedules which the FDA must follow in considering an ANDA, such as Spear's.  The FDA, not Valeant, determined when to issue a decision on Spear's ANDA.   Spear, simply put, was at the FDA's mercy in terms of timing.  Recent developments highlight how the FDA controls the timing of the process.  Since Valeant filed its initial motion to dismiss, the FDA approved Spear's ANDA, withdrew its approval, indicated that it was reconsidering the basis for approving Spear's ANDA, and then issued another approval of Spear's ANDA. Spear could not dictate when the FDA would review its ANDA or when the FDA would issue a final ruling. This further establishes that Valeant's petition did not in and of itself derail Spear's ANDA, and that the FDA was an intervening actor and superseding cause of any alleged delay and resulting

injury to Spear.  As a result, Spear's pleading fails to adequately allege causation, or to plead facts sufficient to establish that Spear has standing to sue Valeant.

In addition, Spear's complaint, if allowed to stand, would undermine the important public interests served by the filing of citizen petitions.  The FDA is responsible for protecting the public health and for carefully evaluating the safety and efficacy of drugs.  Citizen petitions provide a valuable mechanism to make available to the FDA information about drugs.  Consistent with this policy, and with its First Amendment freedom to petition the government, Valeant had every right and reason to file its Citizen Petition, and the FDA was duty-bound to seriously consider the information Valeant presented in evaluating Spear's ANDA.  Valeant should not be held liable for trying to ensure that the FDA only approves drugs that have been proven, through solid science, to be safe and effective.

For these reasons, Valeant respectfully requests that the Court dismiss Spear's complaint.

## II.    NATURE AND STAGE OF THE PROCEEDINGS.

Spear filed its complaint on December 17, 2007.  On April 16, 2008, Spear filed an unopposed motion for leave to file a supplemental complaint, which the Court granted on April 18, 2008.  In its pleading, Spear asserts three claims against Valeant: breach of contract, trade secret misappropriation, and unjust enrichment.  Spear's complaint also alleges causes of action against Blair for breach of contract, breach of the implied covenant of good faith and fair dealing, trade secret misappropriation, and negligence.  Spear asserts diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1).

This motion is Valeant's first response to Spear's supplemental complaint.

## III.    SUMMARY OF ARGUMENT.

1.    Spear fails to adequately plead facts that are concrete, specific, and more than mere speculation.  Spear's claims rest on two central allegations:  (1) that Valeant's Citizen

2

Petition had to have been based on improperly leaked information, and (2) that but for Valeant's Citizen Petition, the FDA would have approved Spear's ANDA long ago. These allegations, however, are conclusory; Spear's pleading fails to allege specific facts to support them. Consequently, Spear's allegations cannot support a right to relief.

2. Spear fails to adequately allege proximate causation. Neither an applicant, like Spear, nor a petitioner, like Valeant, can take any action to force the FDA to act by a certain time, or to delay acting until a certain time. The FDA's review of Spear's ANDA is a superseding cause of Spear's alleged injury. Accordingly, Spear has not properly alleged, and cannot allege, that the FDA's failure to approve Spear's application was proximately caused by Valeant's Citizen Petition.

3. Spear fails to allege facts that establish standing. When standing depends on the actions of a party not before the Court (the FDA in this case), the plaintiff must allege facts demonstrating that the defendants caused the claimed injury. Because Spear has not properly alleged that Valeant's Citizen Petition was a proximate cause of a delay by the FDA in approving Spear's ANDA, Spear has failed to adequately allege standing.

4. Spear's claims conflict with Valeant's First Amendment right to petition the U.S. government, as confirmed in the *Noerr-Pennington* cases and their progeny. Valeant should not be held liable for exercising this right by submitting a Citizen Petition containing truthful information. Likewise, this Court should hold that any "delay" attributable to the FDA's consideration of information in the Citizen Petition is not a legally cognizable injury.

## IV.   CONCISE STATEMENT OF FACTS.

For purposes of this motion only, the following facts—which are alleged in Spear's supplemental complaint or in federal filings—are assumed to be true.

Valeant is a pharmaceutical company that sells Efudex® (fluorouracil) Cream. The FDA approved Efudex® Cream to treat superficial basal cell carcinoma ("sBCC") and actinic keratoses ("AKs"). (Supplemental Complaint ¶¶ 12-13.) On December 21, 2004, Valeant filed a Citizen Petition in which it argued that the FDA should not approve any generic version of Efudex® unless the applicant conducted a successful sBCC clinical study. (Supplemental Complaint ¶¶ 41-43.) Several weeks later, Spear filed its ANDA seeking approval for a generic version of Efudex® Cream. (Supplemental Complaint ¶ 40.) On April 19, 2005, the FDA told Spear that the FDA was reviewing Valeant's Citizen Petition. (Supplemental Complaint ¶ 47.)

In September 2004, Blair, an investment banking firm, pitched to Valeant that it should acquire Spear's line of generic Retin-A® tretinoin cream products. (Supplemental Complaint ¶ 32.) Retin-A® is primarily used to treat acne and is completely different from Efudex® Cream. As part of this proposal, Blair provided Valeant with confidential information concerning Spear's generic Retin-A® products. (Supplemental Complaint ¶ 32.) Before receiving this information, Valeant signed an Evaluation Agreement in which it promised to keep confidential information provided to Valeant by or on behalf of Spear. (Supplemental Complaint ¶ 32.) In October 2004, Valeant chose not to make an offer for Spear's Retin-A® product line "because of the price." (Supplemental Complaint ¶ 36.) Two months later, Valeant reconsidered its position and submitted a "preliminary, non-binding indication of interest" for the products. (Supplemental Complaint ¶ 45.) Spear rejected Valeant's offer. (Supplemental Complaint ¶ 46.)

In connection with discussions between Spear and Blair relating to the sale of Spear's generic Retin-A® products, Spear purportedly mentioned that it intended to file an ANDA for a generic Efudex® Cream product—even though it had nothing to do with the sale of Retin-A products. (Supplemental Complaint ¶¶ 21-24, 38.) Spear allegedly directed Blair not to reveal

these plans to anyone else. (Supplemental Complaint ¶¶ 21-24, 38.) Spear now alleges, on information and belief, that Blair improperly leaked information about Spear's ANDA to Valeant. (Supplemental Complaint ¶¶ 41-42.) Spear further alleges, on information and belief, that Valeant must have improperly utilized this leaked information in preparing and filing its Citizen Petition. (Supplemental Complaint ¶¶ 42-43.) Spear further alleges, on information and belief, that "Had Valeant not filed its Citizen Petition, plaintiffs' ANDA would have been approved long ago." (Supplemental Complaint ¶ 49.) In support of this assertion, Spear alleges that its ANDA was pending for more than three years—more than twice the 16.6 month average time for approval of such applications. (Supplemental Complaint ¶ 49.) Spear's complaint nowhere alleges that Valeant made any false statements in its Citizen Petition.

On April 11, 2008, the FDA approved Spear's ANDA and denied Valeant's Citizen Petition. (Complaint ¶¶ 51-52.) Shortly thereafter, Valeant filed a complaint and applied for a temporary restraining order and preliminary injunction in the U.S. District Court for the Central District of California, seeking to compel the FDA to set aside its approval. (*See* SA CV 08-00449 AG (C.D. Cal.).) (Ex. A)

After Valeant filed its complaint, the FDA discovered new information regarding a former FDA employee's role in its decision-making process, and raised new questions regarding the adequacy of the scientific support for Spear's application. (FDA's *Ex Parte* Application to Stay Proceedings and Refer Matter to Agency, Civil Action No. SA CV 08-00449 AG (C.D. Cal., May 14, 2008) at 4 (attached as Exhibit A).) As a result, the FDA stayed its decision to approve Spear's ANDA, and Spear agreed to suspend all sales, marketing, and shipping of its

ANDA product.[1]  Following the stay of approval, the FDA re-approved Spear's ANDA and the

Court denied Valeant's motion for a preliminary injunction (after initially granting a temporary

restraining order).  SA CV 08-00449 AG (C.D. Cal.).  (Ex. A)

## V.    SPEAR'S COMPLAINT RELIES ON SPECULATION, BALD ASSERTIONS, AND LEGAL CONCLUSIONS.

Under Federal Rule 12(b)(6), a party may move to dismiss a complaint for failure to state

a claim upon which relief can be granted.  To "survive a motion to dismiss, a civil plaintiff must

allege facts that 'raise a right to relief above the speculative level.'"  *Victaulic Co. v. Tieman*,

499 F.3d 227, 234 (3d Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S. Ct.

1955, 1965 (2007) ("*Twombly*")).    While a court is to generally assume that the factual

allegations in a complaint are true and to draw all reasonable inferences in favor of the non-

moving party, "courts are not required to credit bald assertions or legal conclusions improperly

alleged in the complaint." *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d

Cir. 2002).  Likewise, "legal conclusions draped in the guise of factual allegations may not

benefit from the presumption of truthfulness." *Id.*; *see also Papasan v. Allain*, 478 U.S. 265, 286

(1986) (on motion to dismiss, courts "are not bound to accept as true a legal conclusion couched

as a factual allegation").  Spear's complaint contains little more than speculation, bald assertions,

and legal conclusions.

---

[1]    Valeant requests that the Court take judicial notice of the FDA's *Ex Parte* Application to
Stay Proceedings and Refer Matter to Agency.  This is a public document.  *See Anspach ex rel.
Anspach v. City of Philadelphia, Dep't of Public Health*, 503 F.3d 256, 273 n.11 (3d Cir. 2007)
("Courts ruling on Rule 12(b)(6) motions may take judicial notice of public records."); *Southern
Cross Overseas Agencies, Inc. v. Wah Kong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir.
1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including
judicial proceedings, in addition to the allegations in the complaint.").

A.    **Spear's Complaint Fails To Allege Facts That State A Claim For Relief.**

The Court should dismiss Spear's supplemental complaint because it fails to plead "enough facts to state a claim to relief … ." *Twombly*, 127 S. Ct. at 1974. In *Twombly*, the U.S. Supreme Court made clear that a trial court should dismiss a complaint that rests on conclusory allegations, rather than "independent allegations of actual [misconduct]." *Id.* at 1970. The Supreme Court held that it is not enough for a complaint to allege facts that support a "conceivable" cause of action; rather, it must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In *Twombly*, the plaintiffs alleged, on information and belief, that local telephone companies had entered into an illegal "agreement" not to compete with each other. *Twombly*, 127 S. Ct. at 1962-63, 1970. The plaintiffs alleged that the "defendants' collective failure to move into adjacent local phone service markets . . . is highly suspicious," and the district court noted that the "geographic segregation of the [defendants] is striking." *Bell Atlantic Corp. v. Twombly*, 313 F. Supp. 2d 174, 178, 182-83 (S.D.N.Y. 2003). The Supreme Court ultimately found that the allegations of an illegal agreement were insufficient because they were "merely legal conclusions resting on the prior allegations" that the defendants were not competing with each other. *Twombly*, 127 S. Ct. at 1970. In support of this conclusion, the Court noted that the complaint "mentioned no specific time, place, or person involved in the alleged conspiracies." *Id.* at 1971. The Court explained that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 1966. The Court concluded that the plaintiffs had improperly inferred the existence of an illegal agreement not to compete from the mere fact that the defendants were not actually competing against each other.

7

The Supreme Court's reasoning in *Twombly* is not limited to antitrust cases. To the contrary, the Court indicated that its conclusion flowed from Federal Rule 8(a)(2), which requires that complaints contain a "'plain statement' with enough heft to 'sho[w]' that the pleader is entitled to relief.'" *Id.* (*quoting* Fed. R. Civ. P. 8 (a)(2)). The Court explained that a "naked assertion of conspiracy" cannot overcome the hurdle erected by Rule 8. *Twombly*, 127 S. Ct. at 1966. "[W]ithout some further factual enhancement it stops short of the line between possibility and plausibility of entitle[ment] to relief." *Id.* (citation omitted).[2]

Here, as in *Twombly*, the pivotal assertions in Spear's complaint lack the "heft" of specific, well-pled facts that go beyond supposition and speculation. For example, one of Spear's fundamental assertions is that Blair "improperly leaked" information to Valeant, which Valeant then improperly used in filing its Citizen Petition. (Supplemental Complaint ¶¶ 41-42.) But Spear's complaint alleges no specific facts supporting this assertion. The complaint does not allege when or where Blair leaked information to Valeant. *See Twombly*, 127 S. Ct. at 1971 (complaint must allege facts regarding "specific time, place, or person"). Here, as in *Twombly*, the key allegations rest on pure speculation.

Spear's supplemental complaint also alleges no facts asserting that Valeant's Citizen Petition targeted Spear or its ANDA, or that the Citizen Petition even mentioned Spear. (It did not.) Nor does Spear allege facts indicating that Valeant's Citizen Petition could not have been directed at another company that already was marketing a product and competing with Efudex®. Indeed, prior to the date of Valeant's Citizen Petition, the FDA had approved an application by

---

[2]    Numerous courts have applied *Twombly* outside the antitrust context. *See, e.g., Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 322 (3d Cir. 2008).

Taro Pharmaceutical Industries to market a generic version of Efudex® *solution*.[3] Common sense dictates that once Taro had a solution on the market, Valeant would then be concerned that Taro's next step would be to pursue an ANDA for a generic version of Efudex® *cream*. Yet, Spear alleges no facts that preclude—or even address—this "alternative explanation." *Twombly*, 127 S. Ct. at 1972 (presence of "alternative explanation" prevented court from drawing adverse inference from facts alleged in complaint).

Spear generally alleges in its complaint that "brand name drug manufacturers often wait to file citizen petitions *until just before the FDA is about to grant the application* . . . solely for the purpose of delaying the introduction of the generic competitor for the maximum amount of time possible." (Supplemental Complaint ¶ 44, *quoting* 153 Cong. Rec. S65 (daily ed. Jan 4, 2007) (statement by Sen. Kohl); emphasis added.) This allegation is disproven in the context of this specific case by Spear's own pleading, which correctly alleges that Valeant filed its Citizen Petition not at the very last minute to create delay, but instead, *several weeks before Spear even filed its ANDA*. (Supplemental Complaint ¶¶ 40-41.)

Indeed, Spear relies on "information and belief" as the sole basis for its critical allegation that the timing of Valeant's Citizen Petition "was not coincidental." (Supplemental Complaint ¶ 42.) While Spear might have suspicions about the timing of Valeant's filing, *Twombly* clearly instructs that Spear's speculation and guesswork are an insufficient foundation upon which to rest a lawsuit. Here, as in *Twombly,* the factual allegations are insufficient "to raise a right to

---

[3]   A solution is a liquid that is typically injected into the bloodstream. A cream version of a solution contains the same active ingredient of the drug but in the form of a solid-state emulsion that can be applied directly onto the skin, similar to a lotion. *See* FDA, *Orange Book Detail Record Search*, http://www.accessdata.fda.gov/scripts/cder/ob/docs/obdetail.cfm?Appl_No=076 526&TABLE1=OB_Rx (last visited Feb. 15, 2008), attached as Exhibit B. Valeant requests this court take judicial notice of the FDA's public records without converting the present motion into a motion for summary judgment. *See* footnote 1, *supra*, and footnote 10, *infra*.

relief above the speculative level." *Twombly*, 127 S. Ct. at 1965 ("the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (*quoting* 5 C. Wright & A. Miller, *Fed. Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)).[4]

Similarly, Spear's complaint alleges no specific facts to support its bald conclusion that "Had Valeant not filed its Citizen Petition, Plaintiffs' ANDA would have been approved long ago." (Supplemental Complaint ¶ 49.) Spear does not allege that any FDA official told Spear what the agency would have done if Valeant never had filed its Citizen Petition. Nor does Spear allege any other basis for its conclusion. The *only* possible support that can be gleaned from Spear's complaint is the circular argument that Spear had been "awaiting FDA approval for … nearly three years—more than twice the 16.6 month average time for approval of such applications." (Supplemental Complaint ¶ 49.) *Twombly* warns against making precisely these kinds of "false inferences." 127 S. Ct. at 1964. Allegations based on coincidences or "merely parallel conduct that could just as well be independent action" are inadequate as a matter of law. *Id.* at 1966.[5] Indeed, many factors beyond Valeant's Citizen Petition could have contributed to

---

[4]     If anything, the complaint the U.S. Supreme Court found defective in *Twombly* contained more specific factual allegations than Spear's complaint. The *Twombly* plaintiffs alleged that the CEO of one of the defendants stated that the phone companies declined to compete against each other despite recognizing that it "might be a good way to turn a quick dollar." *Twombly*, 127 S. Ct. at 1962 (citation omitted). Spear, in contrast, alleges no particular statements made by a Blair or Valeant representative suggestive of misconduct.

[5]     Other courts, some relying on *Twombly* and others predating *Twombly*, have dismissed complaints based on conclusory allegations of causation. *See, e.g., Powell v. Barrett*, 496 F.3d 1288, 1319-20 (11th Cir. 2007) ("The link between the County's policy of placing arrestees at the Jail and the strip searches conducted at the Jail by the Sheriff and his deputies—over which the County has no control—is too attenuated to impose liability on the County . . . . Plaintiffs' conclusory statement that the County was the 'moving force' behind Plaintiffs' injuries does not cure this defect.") (citations omitted); *Casper v. Paine Webber Group, Inc.*, 787 F. Supp. 1480, 1493-94 (D.N.J. 1992) ("Casper's allegation that she was injured by virtue of having been terminated from her position at PaineWebber, Inc. and suffered economic harm as a result is also

the FDA's "failure" on the part of the FDA to approve Spear's ANDA in 16.6 months or less.[6]

Once Spear's complaint is stripped of conclusory allegations, there are no specific facts alleged to support these foundational building blocks of Spear's case: (a) that Blair improperly leaked information to Valeant regarding Spear's expected filing of its ANDA, (b) that Valeant improperly utilized this information in filing its Citizen Petition, or (c) that the FDA would have approved Spear's application "long ago" in the absence of Valeant's Citizen Petition. All Spear can fall back on is the fact that Valeant filed its Citizen Petition relatively close in time to the time when Blair discussed a possible Spear deal with Valeant. That is not enough to sustain any claim for relief.

In sum, Spear's complaint should be dismissed because it simply does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Spear's reliance on a coincidence—coupled with a bare, unsupported assertion of misconduct—fails to meet the *Twombly* pleading standard. *See also id.* at 1967 ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

---

insufficient to establish standing under section 1962(a). Beyond stating in conclusory fashion that her discharge was caused by the Defendants' use or investment of racketeering proceeds for the Enterprise, Casper does not allege facts showing that the injury was caused by such alleged use . . . .").

[6]    The legal standard for the approval of ANDAs is set forth in section 505(j)(4) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"). 21 U.S.C. § 355(j)(4). Section 505(j)(4) provides that the agency need not approve an ANDA if it makes one of the specific findings listed under section 505(j)(4). 21 U.S.C. § 355(j)(4). The FDA may refuse to approve an ANDA if the applicant has failed to show that its proposed process for manufacturing the drug is adequate to ensure the quality of the drug. *See* 21 U.S.C. § 355(j)(4)(A). The FDA may refuse to approve an ANDA if the sponsor has failed to show that its version of the drug is "bioequivalent" to the approved reference standard. *Id.* at (j)(4)(F). And, the FDA may refuse to approve an ANDA if the inactive ingredients in the proposed drug, or its overall composition, may be considered unsafe, or if the FDA finds that the application contains an untrue statement of material fact. *Id.* at (j)(4)(H) and (K).

**B.    Valeant's Citizen Petition Is Not The Proximate Cause Of Spear's Alleged Injury.**

Spear has not alleged that the FDA is required to comply with any set schedule or timetable in acting upon an ANDA. Spear's own pleading bears this out. According to the complaint, the "average" time it takes for the FDA to act on an ANDA is 16.6 months, necessarily meaning there are review periods that exceed that time frame. In this case, the FDA took a longer than average time to act on Spear's application, and Spear's pleadings fail to recite any facts establishing the reason for the delay. Spear speculates that Valeant's Citizen Petition slowed the FDA down. But another explanation easily could be that the FDA's docket was overflowing with applications, or that the FDA thought Spear's ANDA presented issues that warranted serious consideration. Valeant's Citizen Petition, which Valeant filed before Spear even submitted its ANDA, could only have an impact (if any at all) on the timing of the approval of Spear's ANDA if the FDA found that Valeant's petition raised issues that warranted serious consideration. Moreover, simply by filing a petition, Valeant could not force the FDA to do anything with respect to Spear's ANDA. If the FDA had found Valeant's petition to be non-meritorious, it could have rejected it almost immediately. Thus, the FDA's own ANDA review process must be considered a superseding cause of Spear's alleged injury.

Numerous courts have held that agency action breaks any causal connection between a claimant's alleged injury and a defendant's allegedly wrongful conduct. For instance, in *Barr Labs., Inc v Quantum Pharmics, Inc.*, 827 F. Supp. 111 (E.D.N.Y. 1993), the court dismissed a generic drug maker's complaint alleging that the defendant had wrongfully entered the market with a competing generic drug by means of a fraudulent ANDA. The court recognized that the "alleged losses do not stem from the allegedly false ANDAs filed with the FDA." *Id.* at 116. Rather, "[t]hose losses depend on the intervening actions of the FDA . . . in deciding whether or

12

not to issue the licenses to [the defendant]." *Id. See also Dow Chemical Co. v. Exxon Corp.,* 30 F. Supp. 2d 673, 695 (D. Del. 1998) ("The [Patent and Trademark Office] has discretion whether or not to grant patent property rights and declare interferences and it is only those intervening decisions that connect [the defendant's] allegedly fraudulent misrepresentations to the losses suffered by [the plaintiff].").[7]

Because the FDA's actions constituted a superseding cause in not approving Spear's ANDA as rapidly as Spear would have liked, Spear has failed to demonstrate a proximate cause between Valeant's actions and Spear's alleged injury.

### C.    Spear Fails To Demonstrate Causation Sufficient To Satisfy Standing Requirements.

As the U.S. Supreme Court has made clear, causation is one of the three elements that are "the irreducible constitutional minimum of standing." *Duquesne Light Co. v. U.S. Envtl. Prot. Agency,* 166 F.3d 609, 613 (3d Cir. 1999). This "causation requirement is only satisfied where the injury is 'fairly traceable to the challenged action of the defendant, and not the result of the … action of some third party not before the court.'" *Id.* (*quoting Bennett v. Spear,* 520 U.S. 154, 167 (1997)). Because Spear's pleading fails to demonstrate a "causal connection between the

---

[7]      *See also Egervary v. Young,* 366 F.3d 238, 250 (3d Cir. 2004) (defendant attorneys were not proximate cause of legally erroneous court ruling: "the actions of the defendants, while clearly a cause of the plaintiff's harm, do not create liability because of the intervention of independent judicial review, a superseding cause"); *Townes v. City of New York,* 176 F.3d 138, 146-47 (2d Cir. 1999) (defendant police officers who committed unconstitutional search and seizure were not proximate cause of plaintiff's conviction and incarceration: "[t]he state trial court's exercise of independent judgment in deciding not to suppress the evidence, though later ruled to be erroneous, broke the chain of causation"); Restatement (Second) of Torts § 440 Comment b (superseding cause relieves actor from liability; "if in looking back from the harm and tracing the sequence of events by which it was produced, it is found that a superseding cause has operated, there is no need of determining whether the actor's antecedent conduct was or was not a substantial factor in bringing about the harm"); Restatement (Second) of Contracts § 351 Comment a ("the requirement of foreseeability is a more severe limitation of liability than is the requirement of substantial or 'proximate' cause in the case of an action in tort").

[purported] injury and the [purported] conduct complained of," this Court should dismiss Spear's complaint for lack of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Thus, for instance, in *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 484 (D.N.J. 1998), the court rejected the plaintiff's allegation that the defendants' "misrepresentations to the FDA enabled them to obtain FDA approval." In contrast, the court found that the "alleged predicate acts were not the proximate cause of [plaintiff's] injuries because its losses do not stem from [defendants'] alleged misrepresentations to the FDA," but rather from other "intervening acts and causes,"—including the FDA's decision to approve the defendants' abbreviated antibiotic drug application. *Id.* at 485. Therefore, the court concluded, the plaintiff "does not have standing to assert a claim." *Id.*

Spear baldly asserts that Valeant's Citizen Petition led to the FDA's failure to approve Spear's application more rapidly. But the only support Spear offers for this allegation is that it had been waiting for the FDA's decision for "nearly three years—more than twice the 16.6 months average time for approval of such applications." (Supplemental Complaint ¶ 49.) The notion that the FDA took longer than "average" to rule on Spear's ANDA proves nothing. It certainly does not mean that Valeant's Citizen Petition was the legally cognizable cause for the FDA's inaction or that Valeant somehow controlled the FDA. *See Duquesne Light Co.*, 166 F.3d at 613 (holding that plaintiff's injury is "manifestly the product of the independent action" of Pennsylvania Department of Environmental Protection, and that defendant EPA's actions "is not 'fairly traceable' to the injury of which [plaintiff] complains" (*quoting Lujan*, 504 U.S. at 560)); *cf. Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 321 (5th Cir. 2002) ("The facts provide plaintiffs an additional hurdle in demonstrating causation. Duract was a prescription drug; before a patient could take Duract, his physician had to make an independent medical judgment to prescribe it

.... Thus, to establish causation, plaintiffs must show that had Wyeth acted 'lawfully' (produced a safer drug or provided more extensive warnings), the physicians would not have prescribed [it]. Rivera and the class do not even assert this conclusion, much less adduce any facts supporting it."). Thus, Spear has failed to adequately allege that Valeant caused any harm to Spear.

### D.    The Complaint Must Be Dismissed For Lack Of A Cognizable Injury.

Valeant has a First Amendment right to petition the government and challenge FDA decisions pursuant to the doctrine established in the *Noerr-Pennington* line of cases.[8]    In "numerous cases, the courts have rejected claims seeking damages for injuries allegedly caused by the defendants' actions directed to influencing government action." *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 129 n.22 (3d Cir. 1999).[9]    As a result, this Court should carefully scrutinize any lawsuits—such as this one—that seek to hold parties liable based on the filing of a Citizen Petition.

The FDA is responsible for "protecting the public health by assuring the safety, efficacy, and security of ... drugs, ... advancing the public health, ... and helping the public get the accurate, science-based information they need to use medicines and foods to improve their health."[10]    Citizen Petitions allow parties to provide the FDA with information that is relevant to the FDA's mission. (*See generally* 21 C.F.R. § 10.30.)    Valeant was entitled to file its Citizen

---

[8]    *See generally Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965).

[9]    *See also Massachusetts School of Law at Andover, Inc. v. Am. Bar Ass'n,* 937 F. Supp. 435, 439 (E.D. Pa. 1996) ("when an antitrust-plaintiff's injury is proximately caused by the government, the government's action constitutes a supervening cause that breaks the chain of causation between any antitrust-defendant's action and any anticompetitive effect") (*citing* Areeda & Hovenkamp, *Antitrust Law* § 201 at 14 (1994 Supp.)).

[10]    FDA, *FDA's Mission Statement*, http://www.fda.gov/opacom/morechoices/mission.html (last visited, Feb. 14, 2008), attached as Exhibit C.

Petition, and the FDA was entitled to (and expected to) consider the information relevant to Spear's ANDA in Valeant's Citizen Petition.

For these reasons, this Court should hold that Spear has not suffered a "cognizable injury" to the extent that it seeks to hold Valeant liable for exercising its right to file a Citizen Petition and submit information to the FDA. Similarly, this Court should hold that any "delay" that results from the FDA's consideration of information contained in a Citizen Petition is not a legally cognizable injury.

## VI.    CONCLUSION.

For the foregoing reasons, Spear's complaint should be dismissed.

Respectfully submitted,

OF COUNSEL:

Richard de Bodo
Siegmund Gutman
David G. Chang
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600

Michael L. Kidney
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004–1109
Tel: (202) 637-5600

Dated: July 9, 2008
873424 / 32603

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*Valeant Pharmaceuticals International*

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 9, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com

Steven Lieberman
Jason M. Shapiro
Lisa N. Phillips
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
slieberman@rfem.com
jshapiro@rfem.com
lphillips@rfem.com

Gregory V. Varallo
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899
varallo@rlf.com
fineman@rlf.com

Walter C. Carlson
Hille R. Sheppard
Kevin C. Pecoraro
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
wcarlson@sidley.com
hsheppard@sidley.com
kpecoraro@sidley.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

848483 / 32603

# EXHIBIT A

GREGORY G. KATSAS
Acting Assistant Attorney General
C. FREDERICK BECKNER III
Deputy Assistant Attorney General
EUGENE M. THIROLF, Director
ANDREW E. CLARK
Senior Trial Counsel
      Office of Consumer Litigation
      U.S. Department of Justice
      P.O. Box 386
      Washington, D.C. 20044
      (202) 307-0067
      andrew.clark@usdoj.gov
THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KATHERINE M. HIKIDA
Assistant United States Attorney
Cal. Bar No. 153268
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-2285
      Facsimile: (213) 894-7819
      katherine.hikida@usdoj.gov
Attorneys for Federal Defendants
MICHAEL O. LEAVITT, Secretary of
U.S. Department of Health and Human Services;
ANDREW C. VON ESCHENBACH, M.D.,
Commissioner of the Food and Drug Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL O. LEAVITT, in his official capacity as Secretary of the U.S. Department of Health and Human Services, and ANDREW C. VON ESCHENBACH, M.D., in his official capacity as Commissioner of the Food and Drug Administration,<br><br>        Defendants. | NO. SA CV 08-00449-AG<br><br>DEFENDANTS' *EX PARTE* APPLICATION TO STAY PROCEEDINGS AND REFER MATTER TO AGENCY; DECLARATION IN SUPPORT THEREOF<br><br>No Hearing Scheduled<br><br>Before the Honorable Andrew J. Guilford |

Federal Defendants hereby apply for an Order referring this matter back to the Food and Drug Administration ("FDA") and holding judicial review in abeyance pending FDA's administrative reconsideration of this matter.  As set forth more fully in the accompanying memorandum of points and authorities and declaration, FDA has initiated administrative reconsideration of Spear's abbreviated new drug application ("ANDA") for 5% fluorouracil ("5-FU") cream pursuant to 21 C.F.R. § 10.33(a) & (h).  Concomitantly therewith, Intervenor-Defendant Spear Pharmaceuticals, Inc. ("Spear") has agreed to the entry of an administrative stay of its ANDA approval under 21 C.F.R. § 10.35(a).  *See* Clark Declaration Exhibit A (Administrative Reconsideration and Stay of Action); Exhibit B (Letter from Steven Lieberman, May 14, 2008).  FDA hopes to conclude its administrative reconsideration by May 30, 2008.  In the interim, consistent with agency regulations, FDA requests that the Court refer the matter back to the agency and hold judicial review of the challenged agency action in abeyance pending the completion of FDA's administrative reconsideration process.  *See* 21 C.F.R. § 10.33(h).

Because Spear's ANDA approval is stayed through May 30, 2008, and Spear may not sell, market, or ship its product during that period, Plaintiff Valeant Pharmaceuticals International ("Valeant") will suffer no harm during the pendency of FDA's administrative reconsideration.

On May 14, 2008, defendants' counsel contacted counsel for Valeant and Spear concerning this application.  Spear's counsel indicated that Spear did not oppose the application.  Valeant's counsel indicated that Valeant would oppose the application.  Clark  Declaration ¶ 4.

Pursuant to Local Rule 7-19, Federal Defendants set forth below the identity of Valeant's counsel as follows:

1                           Richard de Bodo

2                           J. Drew Diamond

3                           David G. Chang

4                           HOGAN & HARTSON LLP

5                           1999 Avenue of the Stars, Suite 1400

6                           Los Angeles, California 90067

7                           Telephone: (310) 785-4600

8                           Facsimile: (310) 785-4601

9        Pursuant to Local Rule 7-19, Federal Defendants set forth below the identity

10 of Spear's counsel as follows:

11                           Gail J. Standish

12                           Peter E. Perkowski

13                           WINSTON & STRAWN LLP

14                           333 South Grand Avenue, 38th Floor

15                           Los Angeles, California   90071-1543

16                           Telephone: (213) 615-1700

17                           Facsimile: (213) 615-1750

18                           Steven Lieberman

19                           Minaksi Bhatt

20                           Lisa N. Phillips

21                           ROTHWELL FIGG ERNST & MANBECK

22                           1425 K Street, N.W.

23                           Washington, D.C.  20005

24                           Telephone: (202) 783-6040

25                           Facsimile: (202) 783-6031

26 DATED: May 14, 2008           GREGORY G. KATSAS
                                      Acting Assistant Attorney General

27                                 C. FREDERICK BECKNER III
                                        Deputy Assistant Attorney General

28                                 EUGENE M. THIROLF

Director
ANDREW E. CLARK
Senior Trial Counsel
Office of Consumer Litigation
U.S. Department of Justice

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____/s/_____
KATHERINE M. HIKIDA
Assistant United States Attorney

Attorneys for Federal Defendants

Of Counsel:
THOMAS R. BARKER
Acting General Counsel
GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division
ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation
WENDY S. VICENTE
JAMES JOHNSON
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel

## MEMORANDUM OF POINTS AND AUTHORITIES

On April 25, 2008, Valeant filed an Application for a Temporary Restraining Order ("TRO"), seeking an order suspending FDA's approval of Spear's ANDA for its 5% fluorouracil ("5-FU") cream.  On May 1, 2008, this Court granted a stay of the TRO proceedings until May 14, 2008, based on FDA's identification of an issue in the administrative record that required agency review and consideration, and Spear's commitment to the Court to suspend marketing, sales and shipment activities for the duration of the stay.  As of this date, however, FDA has not yet reached a final determination concerning the previously identified administrative record issue.  Moreover, in the course of its review, FDA identified an additional issue concerning Spear's ANDA which, in the agency's judgment, necessitates administrative reconsideration of the ANDA approval.[1]

Accordingly, on May 14, 2008, FDA initiated administrative reconsideration of Spear's ANDA pursuant to 21 C.F.R. § 10.33(a) & (h).  Concomitantly therewith, Spear has agreed to the entry of an administrative stay of its ANDA approval under 21 C.F.R. § 10.35(a), as well as the suspension of all sales, marketing, and shipping of its Fluorouracil product.  *See* Clark Declaration Exhibit A (Administrative Reconsideration and Stay of Action); Exhibit B (Letter from Steven Lieberman, May 14, 2008).  FDA hopes to conclude its administrative reconsideration by May 30, 2008, and anticipates that it will be prepared on that date to inform the Court about its decision regarding the administrative reconsideration.  In the interim, consistent with agency regulations, FDA requests that the Court refer the matter back to the agency and hold its review in abeyance pending the completion of FDA's administrative reconsideration process.  *See* 21

---

[1] Although this issue concerns whether FDA required the submission of all necessary and appropriate scientific information in support of approval of Spear's ANDA, it is unrelated to the issues raised by Valeant in its TRO motion.

C.F.R. § 10.33(h).[2]  FDA will inform the Court and the parties if it concludes its administrative reconsideration sooner than May 30, 2008, and determines that the stay should be dissolved before that date.

Valeant will suffer no harm during the pendency of FDA's reconsideration. Indeed, Valeant has represented to this Court that "[t]he only way for the FDA to moot Valeant's TRO application would be to suspend or stay approval of Spear's ANDA application pursuant to 21 C.F.R. § 10.35(a)."  Valeant's Opp. to Stay at 5 (filed May 1, 2008).  Because FDA has now stayed approval of Spear's ANDA 77-524 through May 30. 2008, and prohibited all marketing, sales and shipment of product during the pendency of the administrative stay, Valeant's TRO motion has been mooted until that date.  Furthermore, because FDA's reconsideration could affect the approval status of Spear's ANDA, it is in the best interest of the parties and consistent with principles of judicial economy to stay any further litigation until that date.

Accordingly, pursuant to 21 C.F.R. § 10.33(h), FDA respectfully requests that the Court refer this matter back to FDA and/or hold all proceedings in this case in abeyance until the conclusion of FDA's administrative reconsideration.

FDA counsel has consulted with counsel for Valeant and Spear concerning this application.  Spear's counsel stated that Spear does not oppose the application. Valeant's counsel stated that Valeant would oppose the application.  Clark Declaration ¶ 4.

---

[2] 21 C.F.R. § 10.33(h) provides:  "The Commissioner may initiate the reconsideration of all or part of a matter at any time after it has been decided or action has been taken.  If review of the matter is pending in the courts, the Commissioner may request that the court refer the matter back to the agency or hold its review in abeyance pending administrative reconsideration.  The administrative record of the proceeding is to include all additional documents relating to such reconsideration."

1    For the foregoing reasons, Federal Defendants respectfully request that the

2    Court grant this application.

3    DATED: May 14, 2008                    GREGORY G. KATSAS
                                            Acting Assistant Attorney General
4                                           C. FREDERICK BECKNER III
                                            Deputy Assistant Attorney General
5                                           EUGENE M. THIROLF
                                            Director
6                                           ANDREW E. CLARK
                                            Senior Trial Counsel
7                                           Office of Consumer Litigation
                                            U.S. Department of Justice
8
                                            THOMAS P. O'BRIEN
9                                           United States Attorney
                                            LEON W. WEIDMAN
10                                          Assistant United States Attorney
                                            Chief, Civil Division
11
                                            _____/s/_____
12                                          KATHERINE M. HIKIDA
                                            Assistant United States Attorney
13

14                                          Attorneys for Federal Defendants

15
     Of Counsel:
16   THOMAS R. BARKER
     Acting General Counsel
17   GERALD F. MASOUDI
     Associate General Counsel
18   Food and Drug Division
     ERIC M. BLUMBERG
19   Deputy Chief Counsel, Litigation
     WENDY S. VICENTE
20   JAMES JOHNSON
     Associate Chief Counsel, Litigation
21   U.S. Dept. of Health & Human Services
     Office of the General Counsel

22

23

24

25

26

27

28

### DECLARATION OF ANDREW E. CLARK

I, Andrew E. Clark, under penalty of perjury do represent the following:

1. I am Senior Trial Counsel in the Office of Consumer Litigation in the United States Department of Justice, 450 5th St., N.W., Washington, D.C. 20001. I am one of the attorneys assigned to represent the federal defendants in the above-captioned case.

2. I am informed that, on May 14, 2008, FDA initiated administrative reconsideration of, and stayed approval of, Spear Pharmaceuticals Inc.'s (Spear) Abbreviated New Drug Application (ANDA) 77-524 for 5-fluorouracil. *See* Exhibit A annexed hereto (Administrative Reconsideration and Stay of Action).

3. I am also informed that Spear has agreed to the above-referenced administrative stay and has committed that it will not market, sell or ship its fluorouracil product until the earlier of noon (EDT) on May 30, 2008, or dissolution of the administrative stay. *See* Exhibit B annexed hereto (Letter from Steven Lieberman, May 14, 2008).

4. As set forth in our Ex Parte Application, I telephoned counsel for Valeant and Spear on May 14, 2008, to advise them of this application and seek their position thereon. Spear's counsel indicated that Spear did not oppose the application. Valeant's counsel subsequently spoke with Eugene Thirolf of this Office and indicated that Valeant would oppose the application.

5. I declare under penalty of perjury that the statements are true and correct. Dated this 14th day of May, 2008, in Washington, D.C.

_____/s/_____
Andrew E. Clark
Senior Trial Counsel
Office of Consumer Litigation
United States Department of Justice



DEPARTMENT OF HEALTH & HUMAN SERVICES        Public Health Service

---

Food and Drug Administration
Rockville, MD  20857

May 14, 2008

RE: ANDA 77-524

<u>ADMINISTRATIVE RECONSIDERATION AND STAY OF ACTION</u>

Pursuant to 21 CFR 10.33 (a) and (h), the Commissioner has concluded that FDA must
reconsider the approval of Spear Pharmaceuticals Inc.'s (Spear) Abbreviated New Drug
Application (ANDA) 77-524 for 5-fluorouracil.  The Commissioner has concluded that it is in
the public interest to do so because there are outstanding questions regarding this approval that
the Agency must consider.  To permit this reconsideration, Spear has agreed to a stay of the
approval of ANDA 77-524 pursuant to 21 CFR 10.35(a) until May 30, 2008.

Accordingly, the approval of ANDA 77-524 is hereby stayed until May 30, 2008, when FDA
anticipates that it will have completed its reconsideration of the application.  Marketing, sales,
and shipment under ANDA 77-524 are prohibited during the pendency of this administrative
stay.



Jeffrey Shuren
Associate Commissioner for
   Policy and Planning

EXHIBIT A

8

 ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Anne M. Sterba
Brian A. Tollefson

Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Oliver L. Edwards
David B. Orange
John H. Curry
Ryan P. Wallace
Carolyn L. Greene
Julia A. Kim

Of Counsel
John A. McCahill
Brian E. Banner
Nancy J. Linck, Ph.D.

**By Facsimile and U.S. Mail**

May 14, 2008

Mr. Gary J. Buehler
Director, Office of Generic Drugs
Center for Drug Evaluation and Research
U.S. Food & Drug Administration
MPN4 – Room 3010
7519 Standish Place
Rockville, MD 20855-27737

      Re:    <u>Spear ANDA 77-524, Flurouracil Cream – Spear Pharmaceuticals</u>

Dear Mr. Buehler:

      Pursuant to our discussions earlier today with your colleagues at the FDA, Spear Pharmaceuticals, Inc. ("Spear") hereby consents to an administrative stay of action through noon EDT on May 30, 2008 with respect to the above-referenced ANDA pursuant to 21 C.F.R. §§ 10.35(a) and 10.33(a) and (h). Spear hereby agrees that pursuant to the stay it will not market, sell or ship its Flurouracil cream, USP 5% product (the "ANDA Product"). Spear's suspension of further sales, marketing and shipment of the ANDA Product will end at the earlier of:

      (a)    noon (EDT) on May 30, 2008; or
      (b)    dissolution of the administrative stay.

                        Very truly yours,

                        Steven Lieberman

SL:dob
cc:    Gerald F. Masoudi, Esq.

9

EXHIBIT B

# EXHIBIT B

**Search results from the "OB_Rx" table for query on "076526."**

---

| | |
|---|---|
| Active Ingredient: | FLUOROURACIL |
| Dosage Form;Route: | SOLUTION; TOPICAL |
| Proprietary Name: | FLUOROURACIL |
| Applicant: | TARO |
| Strength: | 2% |
| Application Number: | 076526 |
| Product Number: | 001 |
| Approval Date: | Nov 5, 2003 |
| Reference Listed Drug | No |
| RX/OTC/DISCN: | RX |
| TE Code: | **AT** |
| Patent and Exclusivity Info for this product: | View |

---

| | |
|---|---|
| Active Ingredient: | FLUOROURACIL |
| Dosage Form;Route: | SOLUTION; TOPICAL |
| Proprietary Name: | FLUOROURACIL |
| Applicant: | TARO |
| Strength: | 5% |
| Application Number: | 076526 |
| Product Number: | 002 |
| Approval Date: | Nov 5, 2003 |
| Reference Listed Drug | No |
| RX/OTC/DISCN: | RX |
| TE Code: | **AT** |
| Patent and Exclusivity Info for this product: | View |

---

Return to Electronic Orange Book Home Page

---

FDA/Center for Drug Evaluation and Research
Office of Generic Drugs
Division of Labeling and Program Support
Update Frequency:

    Orange Book Data - **Monthly**

    Generic Drug Product Information & Patent Information - **Daily**

    Orange Book Data Updated Through May, 2008

    Patent and Generic Drug Product Data Last Updated: July 09, 2008

# EXHIBIT C

**FDA** U.S. Food and Drug Administration ⚬ U.S. Department of Health and Human Services

FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA

# FDA's Mission Statement

The FDA is responsible for protecting the public health by assuring the safety, efficacy, and security of human and veterinary drugs, biological products, medical devices, our nation's food supply, cosmetics, and products that emit radiation. The FDA is also responsible for advancing the public health by helping to speed innovations that make medicines and foods more effective, safer, and more affordable; and helping the public get the accurate, science-based information they need to use medicines and foods to improve their health.

FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA | Privacy | Accessibility

FDA Website Management Staff